UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IGLESIA CRISTIANA LUZ Y VERDAD, et al.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>CHURCH MUTUAL INSURANCE COMPANY, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-05621-RMW<br><br>**ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 11, 12, 21 |

Plaintiffs filed this action in state court in October 19, 2015, alleging five causes of action against defendants Church Mutual Insurance Company and Allstate Insurance Company: (1) breach of covenant of good faith and fair dealing, (2) breach of fiduciary duty, (3) direct action for recovery of judgment, (4) breach of contract, and (5) intentional infliction of emotional distress. Dkt. 1 at 6-18. Defendant Allstate removed to federal court on December 9, 2015. *Id.* at 1-4. Before this court are plaintiffs' motion to remand and Allstate's motion to dismiss for failure to state a claim. Dkt. Nos. 12, 11. A hearing was held on February 19, 2016. Having considered the parties' arguments, the court denies plaintiffs' motion to remand and grants Allstate's motion to dismiss with leave to amend.

## I. BACKGROUND

In April 2012, plaintiffs Henry Espinoza, Max Espinoza, Kevin Gonzales, Jose Eduardo Castro, Uriel Vargas, Daniel Barrios, and Jorge Davila filed a complaint in state court against a church, Iglesia Cristiana Luz y Verdad, and its pastor, Gustavo Antonio Lanzas, alleging that the plaintiffs were victims of sexual molestation by Gustavo Antonio Lanzas. Compl. ¶¶ 8-9. That action resulted in default judgment for plaintiffs in the amount of $14,840,000.

On October 19, 2015, Iglesia Cristiana Luz y Verdad, "through its Assigns and Successors in Interest, Insureds," and Henry A. Espinoza, Max J. Espinoza, Kevin Gonzales, Jose Eduardo Castro, Uriel Vargas, Daniel Barrios, and Jorge E. Davila, as "Third Party Claimants," filed this action in the Superior Court of the State of California for the County of Santa Clara. Plaintiffs seek damages arising from the alleged bad faith failure of the insurance company defendants to settle plaintiffs' claim relating to the underlying sexual molestation suit. Compl. ¶¶ 12-14. Plaintiffs assert the following claims against both Church Mutual Insurance Company and Allstate: (1) breach of covenant of good faith and fair dealing, (2) breach of fiduciary duty, (3) direct action for recovery of judgment, (4) breach of contract, and (5) intentional infliction of emotional distress. Compl. ¶ 16-34.

Plaintiffs' alleges that defendants issued "various comprehensive general liability insurance policies" to Iglesia Cristiana Luz y Verdad and Gustavo Antonio Lanzas. *Id.* at ¶ 6. Plaintiffs further allege that the policies were "in effect between the early 1990's to approximately 2010" and that the policies "will be produced through discovery." *Id.* at ¶ 6. Plaintiffs allege that "[o]n or about October 15, 2015, plaintiffs . . . demanded, through counsel, the sum of $3,000,000 in full settlement of the claims against their named insured . . ."[1] *Id.* at ¶ 12. Plaintiffs contend that

---

[1] Allstate requests judicial notice of certain correspondence, including plaintiffs' demand letter. Dkt. No. 11 at 4 and n.1. Plaintiffs also rely on correspondence in support of their opposition, which the court interprets as a request for judicial notice. *See* Dkt. No. 14 at 4. In ruling on a motion to dismiss, the court may consider materials attached to and submitted with the complaint, and may also take judicial notice of and consider unattached evidence on which the complaint relies if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the document. *US. v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). However, because the court does not rely on any documents outside the complaint, the parties' requests for judicial notice are moot.

this demand was reasonable in light of the injuries they suffered. *Id.*

Allstate represents that plaintiffs never served the state court complaint on either defendant, and that Allstate's appearance for removal purposes was voluntarily. Dkt. No. 18 at 2. Allstate moved to dismiss for failure to state a claim on December 30, 2015. Dkt. No. 11. Plaintiffs moved to remand on January 12, 2016. Dkt. No. 12.

## II.  MOTION TO REMAND

Allstate argues that plaintiffs' motion to remand is untimely. Dkt. No. 18 at 4. A motion to remand "on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Plaintiffs move to remand on two grounds: 1) failure to join all defendants in the notice of removal and 2) failure to remove on a timely basis. Dkt. No. 12 at 6. Plaintiffs' motion does not allege that this court lacks subject matter jurisdiction. Allstate's notice of removal was filed in this court on December 9, 2015. Therefore, plaintiffs had until January 8, 2016 to move for remand on any basis other than lack of subject matter jurisdiction. Plaintiffs did not move to remand until January 12, 2016. Plaintiffs' motion is denied as untimely.

Even considering the merits of the motion to remand, however, the court finds that plaintiffs' arguments lack merit. First, plaintiffs argue that Allstate's removal was defective because Church Mutual Insurance Company did not join in the notice of removal. *See* Dkt. No. 12 at 6. The removal statute requires consent from "all defendants who have been properly joined and served." 28 U.S.C § 1446 (b)(2)(A). In its notice of removal and its opposition to plaintiffs' motion to remand, Allstate asserts that plaintiffs did not serve either defendant Allstate or Church Mutual Insurance Company prior to removal. Dkt. No. 1 ¶ 5; Dkt. No. 18 at 2. Plaintiffs have not alleged that they served Church Mutual Insurance Company. Therefore, Church Mutual Insurance Company's consent was not required.

Second, plaintiffs argue that Allstate's removal was untimely. The removal statute requires that a notice of removal be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such

3

United States District Court
Northern District of California

action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C § 1446 (b)(1). Plaintiffs' argument is that Allstate received "a copy of the initial Amended Complaint on October 20, 2015, along with plaintiffs' demand for settlement." Dkt. No. 12 at 5. However, the complaint referred to by plaintiff appears to be the complaint in the underlying sexual molestation action—not the pleading set forth the claim for relief in this case. *See id.* at 3-4 ("On October 15, 2015, plaintiffs sent a demand to defendant Allstate to settle for the policy limits and sent a copy of *the amended Complaint in the underlying action . . .*") (emphasis added). Because plaintiff does not allege that Allstate received the complaint *in this action*, it is not clear that the time 30 day period for removal was ever triggered.

Although plaintiffs' motion to remand does not challenge the existence of diversity jurisdiction, plaintiffs' reply brief does raise the question of diversity.[2] First, plaintiffs argue that "it is possible that the church itself or one of its officers may be joined as a party-defendant under different scenarios," thereby defeating diversity jurisdiction at some point in the future. Dkt No. 19 at 2. Plaintiffs do not argue that the church or its officers defeat diversity jurisdiction at this time.

Second, plaintiffs cites 28 U.S.C. 1332(c) for the proposition that in a "direct action" the insurance company is deemed to be a citizen of the state of its insured. However, plaintiffs do not, and likely could not, assert that this case is a direct action to which § 1332(c) would apply. Dkt No. 19 at 2; *see* 28 U.S.C. 1332(c) (applies if "the insured is not joined as a party"); *Searles v.*

---

[2] Allstate moves to strike plaintiffs' reply because it includes argument not raised in plaintiffs' motion, or in the alternative to file a surreply. Dkt. No. 21. Allstate's proposed surreply is attached to its motion as Exhibit A. *Id.* Allstate is correct that the "general rule is that appellants cannot raise a new issue for the first time in their reply briefs." *Coos Cty. Bd. of Cty. Comm'rs v. Kempthorne*, 531 F.3d 792, 812 n.16 (9th Cir. 2008) (quoting *Ghahremani v. Gonzales*, 498 F.3d 993, 998 n.3 (9th Cir. 2007) (declining to consider argument raised for first time in reply brief). However, because this court addresses the arguments raised in plaintiffs' reply, Allstate's motion for leave to file a surreply is granted.

4
15-cv-05621-RMW
ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS
FC

*Cincinnati Ins. Co.*, 998 F.2d 728, 729 (9th Cir. 1993) ("direct action" within the meaning of § 1332(c)(1) is a case "in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him"). Therefore, the court finds no basis for remand in plaintiffs' reply.

For these reasons, the court denies plaintiffs' motion to remand and considers Allstate's motion to dismiss.

### III.   MOTION TO DISMISS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." *Conservation Force v. Salazar*, 646 F.3d 1240, 1241-42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 at 678. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The allegations made in a complaint must be both "sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it" and "sufficiently plausible" such that "it is not unfair to require the opposing party to be subjected to the expense of discovery." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### A.   Breach of Contract

Under California law, "[t]o state a cause of action for breach of contract, a party must

plead the existence of a contract, his or her performance of the contract or excuse for nonperformance, the defendant's breach and resulting damage." *Harris v. Rudin, Richman & Appel,* 74 Cal. App. 4th 299, 307 (1999). Allstate argues that plaintiffs have failed to establish the existence of a contract.

In support of this argument, Allstate cites predominately California state court cases, including *Otworth v. Southern Pac. Transp. Co.*, 166 Cal. App. 3d 452 (1985). This line of cases holds that "the terms [of the contract] must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference." *Otworth*, 166 Cal. App. 3d at 459. However, "the majority rule in district courts in this circuit rejects application of *Otworth* in federal actions; rather, the sufficiency of the complaint is governed according to the Federal Rules of Civil Procedure and federal law interpreting those rules." *James River Ins. Co. v. DCMI, Inc.*, No. C 11-06345 WHA, 2012 WL 2873763, at *3 (N.D. Cal. July 12, 2012); *see also Missud v. Oakland Coliseum Joint Venture*, No. 12-02967 JCS, 2013 WL 812428, at *19 (N.D. Cal. Mar. 5, 2013) ("as a procedural matter, the sufficiency of the complaint is governed, not by state law, but by the Federal Rules of Civil Procedure and federal law interpreting those rules").

Under federal pleading standards, a plaintiff is not required to attach a contract or recite its terms verbatim, but a "plaintiff must identify with specificity the contractual obligations allegedly breached by the defendant." *Misha Consulting Grp., Inc. v. Core Educ. & Consulting Sols., Inc.*, No. C-13-04262-RMW, 2013 WL 6073362, at *1 (N.D. Cal. Nov. 15, 2013). This is "enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. However, "mere legal conclusions that a contract existed . . . will be insufficient to survive a motion to dismiss." *Garibaldi v. Bank of Am. Corp.*, No. C 13-02223 SI, 2014 WL 172284, at *3 (N.D. Cal. Jan. 15, 2014). Applying this standard, the court finds that plaintiffs have failed to sufficiently identify the contractual obligations allegedly breached by Allstate.

Plaintiffs allege that both defendants issued "various comprehensive general liability insurance policies" to Iglesia Cristiana Luz y Verdad and Gustavo Antonio Lanzas and that the policies were "in effect between the early 1990's to approximately 2010." Compl. at ¶ 6. The

6
15-cv-05621-RMW
ORDER DENYING MOTION TO REMAND AND GRANTING MOTION TO DISMISS
FC

complaint includes the following description of the alleged policies:

> Under the terms of the comprehensive insurance policies described above defendants agreed to indemnify plaintiff, church Iglesia Cristiana Luz y Verdad and pastor Gustavo Antonio Lanzas up to the amount of liability coverage extended to plaintiffs and pastor for sexual molestation conduct, and to defend their insured church Iglesia Cristiana Luz y Verdad and pastor Gustavo Antonio Lanzas in any civil action seeking such damages.

*Id.* ¶ 7. It is not clear from the allegations in the complaint how many policies are at issue. Nor does the complaint specify whether both the church and pastor were insured under the same policy or separate policies. The alleged time period for coverage spans nearly twenty years. The complaint does not indicate when the policy contracts were formed, nor does it identify the policies by number. The complaint does not disclose such terms as the amount of coverage or the premiums charged. Plaintiffs' allegations are not sufficiently specific to put Allstate on notice of the contract at issue. *Cf. Misha Consulting Grp., Inc. v. Core Educ. & Consulting Sols., Inc.*, No. C-13-04262-RMW, 2013 WL 6073362, at *2 (N.D. Cal. Nov. 15, 2013) ("Although the complaint could have been more specific, it sets out the type of services requested, the dates of performance, and the contract price. Further, the complaint refers to the dates of the e-mail exchanges within which the contract was allegedly formed."). Without additional detail, Allstate cannot effectively defend against plaintiffs' claims.

Plaintiffs argue that "the real issue is one of discovery and not pleadings." In their opposition brief, plaintiffs allege that the passage of time and "the fact that the church was shut down for many years" resulted in the loss or destruction of the relevant policies, but that "based on good-faith recollection, defendant church and pastors were insured by Allstate and another third carrier sometime between 1999 and 2008." Dkt. No. 14 at 2. These details, however, are not included in the complaint. Even in briefing, plaintiffs do not identify the individual with a "good-faith recollection" of a policy issued by Allstate. Moreover, although plaintiff has narrowed the time period of alleged coverage considerably, plaintiffs' allegations are still too vague to ensure that Allstate can effectively defend against plaintiffs' claims. Plaintiffs must allege the factual basis for its conclusion that an Allstate policy was issued.

Plaintiffs also argue that "common sense" suggests that if "plaintiff's good-faith recollection" of "being insured by Church Mutual Insurance Company between 1995 and 1998 proved to be right," then there is a "plausible connection" to coverage by Allstate. Dkt. No. 14 at 5. Again, these allegations are not included in the complaint. Moreover, the court is not convinced that existence of one insurance contract necessarily implies the existence of a contract issued by an entirely separate insurance company.

Because the complaint contains only conclusory allegations as to the existence of the contract, plaintiffs are not entitled to discovery. *See Iqbal*, 556 U.S. 662, 678-79 (holding that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions"). Therefore, the court dismiss plaintiffs' claim for breach of contract with leave to amend.

### B.     Remaining Claims

Allstate alleges that plaintiffs' remaining claims also fail because they all depend on plaintiffs' breach of contract claims. Dkt. No. 11 at 8-9. The court agrees that plaintiffs' remaining claims depend on the existence of an insurance policy contract. *See* Compl. ¶ 18 (alleging that defendants had duty to act in good faith in carrying out responsibilities under insurance policy contract); ¶ 25 (alleging special fiduciary relationship between insurer and insured); ¶ 29 (seeking recovery of judgment based on wrongful failure to settle for policy limits and refusal to indemnify the insured); and ¶ 33 (incorporating all other factual allegations as basis for IIED claim). Plaintiffs do no dispute that all remaining claims depend on the existence of a contract. Accordingly, the court dismisses the claims against Allstate for breach of covenant of good faith and fair dealing, breach of fiduciary duty, direct action for recovery of judgment, and intentional infliction of emotional distress with leave to amend.

### IV.    CONCLUSION

For the foregoing reasons, the court denies plaintiffs' motion to remand and grants Allstate's motion to dismiss. The court grants plaintiffs 30 days leave to amend to address the deficiencies identified in this order—specifically the lack of factual allegations as to the existence

of an insurance policy contract.

The court notes that plaintiffs filed a First Amended Complaint on February 15, 2016. *See* Dkt. No. 22. However, the time for plaintiffs to amend as a matter of course had expired. *See* Federal Rule of Civil Procedure 15(a)(1) ("A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading *or 21 days after service of a motion under Rule 12(b)*, (e), or (f), whichever is earlier.") (emphasis added). Allstate's motion to dismiss was filed on December 30, 2015; therefore, plaintiff had until January 20, 2016 to amend as a matter of course. "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Allstate objects to plaintiffs' First Amended Complaint (Dkt. No. 22), and plaintiffs did not seek leave to amend from the court. Therefore, plaintiffs' First Amended Complaint has no effect.

Plaintiffs now have 30 days leave to file a second amended complaint. Plaintiffs may include factual allegations relating to the existence of a contract in their second amended complaint. However, if plaintiffs wish to add new parties or claims to their second amended complaint, plaintiffs must obtain either 1) written consent from opposing parties, or 2) leave of court.

**IT IS SO ORDERED.**

Dated: February 19, 2016

*Ronald M. Whyte*

Ronald M. Whyte
United States District Judge